# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 14, 2025
Lyle W. Cayce
Clerk

No. 25-50112
Summary Calendar

───────────────

Robert Yezak,

*Plaintiff—Appellant,*

*versus*

Eddy Lange, *Sheriff*; Blue, *Bell County Law Enforcement Center Officer*; Bell County Law Enforcement Center Officers,

*Defendants—Appellees.*

───────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:24-CV-519

───────────────

JUDGMENT

Before Richman, Southwick, and Willett, *Circuit Judges*.

This cause was considered on the record on appeal and the brief on file.

IT IS ORDERED and ADJUDGED that we DISMISS Yezak's appeal as frivolous, BAR any future IFP filings absent a qualifying exception, and DENY his motion for appointed counsel.

The district court's dismissal of Yezak's lawsuit counts as one strike,

as does the dismissal of this appeal. See 28 U.S.C. § 1915(g), (h); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996), abrogated in part on other grounds by Coleman v. Tollefson, 575 U.S. 532, 537 (2015). Yezak had already accumulated two prior strikes when similar complaints were dismissed for failure to state a claim. Yezak v. Lange, No. W-24-CA-518-ADA (W.D. Tex. Jan. 17, 2025) (ECF No. 12); Yezak v. Lange, No. W-24-CA-520-ADA (W.D.Tex. May 7, 2025) (ECF No. 20). He earned another strike in an appeal challenging one of those dismissals. Yezak v. Lange, No. 25-50127, 2025 WL 2530743 (5th Cir. Sep. 3, 2025).

Having now accumulated more than three strikes, Yezak is BARRED from proceeding IFP in any future civil action or appeal unless he demonstrates imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See FED. R. APP. P. 41(B). The court may shorten or extend the time by order. See 5TH CIR. R. 41 I.O.P.

**Certified as a true copy and issued as the mandate on** Dec 05, 2025

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-50112
Summary Calendar

---

United States Court of Appeals
Fifth Circuit
**FILED**
November 14, 2025
Lyle W. Cayce
Clerk

Robert Yezak,

>  *Plaintiff—Appellant*,

*versus*

Eddy Lange, *Sheriff*; Blue, *Bell County Law Enforcement Center Officer*; Bell County Law Enforcement Center Officers,

>  *Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:24-CV-519

---

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

    Proceeding pro se and in forma pauperis (IFP), Texas prisoner Robert Yezak appeals the dismissal of his 42 U.S.C. § 1983 lawsuit against officials at the Bell County Law Enforcement Center. He also moves for an

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

appointment of counsel. We DISMISS Yezak's appeal as frivolous, BAR any future IFP filings, and DENY his motion for counsel.

## I. Dismissal of the § 1983 Complaint

We begin with Yezak's challenge to the dismissal of his lawsuit. We review a dismissal for failure to state a claim de novo. *Davis v. Lumpkin*, 35 F.4th 958, 962 (5th Cir. 2022) (citation omitted).

Yezak's complaint—together with his more definite statement—is devoid of factual allegations that plausibly state a claim. Chief among its many deficiencies are his failure to name any defendants who could be sued and to plead when the alleged violations occurred or who was involved. On appeal, Yezak identifies no error in the district court's dismissal. He merely reiterates conclusory assertions without citing facts or law to show why the ruling was wrong.

Instead, he contends that with counsel's assistance he could have stated a valid claim, before pivoting to complaints about his state criminal proceedings, paper allotment, library access, and continued detention. Because Yezak's appeal lacks arguable merit, it is DISMISSED as frivolous. *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015); 5th Cir. R. 42.2.[1]

## II. Future IFP Filings

We also BAR Yezak from proceeding IFP in future civil actions or appeals. Under 28 U.S.C. § 1915(g), a prisoner who has brought three or

---

[1] We do not consider Yezak's complaint of retaliation by a non-defendant because it is raised for the first time on appeal. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) (per curiam).

more actions or appeals dismissed as frivolous or for failure to state a claim may not proceed IFP absent imminent danger of serious physical injury.

The district court's dismissal of Yezak's lawsuit counts as one strike, as does the dismissal of this appeal. *See* 28 U.S.C. § 1915(g), (h); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Yezak had already accumulated two prior strikes when similar complaints were dismissed for failure to state a claim. *Yezak v. Lange*, No. W-24-CA-518-ADA (W.D. Tex. Jan. 17, 2025) (ECF No. 12); *Yezak v. Lange*, No. W-24-CA-520-ADA (W.D. Tex. May 7, 2025) (ECF No. 20). He earned another strike in an appeal challenging one of those dismissals. *Yezak v. Lange*, No. 25-50127, 2025 WL 2530743 (5th Cir. Sep. 3, 2025).

Having now accumulated more than three strikes, Yezak is BARRED from proceeding IFP in any future civil action or appeal unless he demonstrates imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

### III. Motion for Counsel

Finally, we DENY Yezak's request for appointed counsel. A § 1983 plaintiff has no right to counsel unless his case "presents exceptional circumstances." *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1984 (5th Cir. 1991) (cleaned up). Yezak has shown none. *See McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012); *Cooper*, 929 F.2d at 1084.

\*   \*   \*

Accordingly, we DISMISS Yezak's appeal as frivolous, BAR any future IFP filings absent a qualifying exception, and DENY his motion for appointed counsel.

# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

December 05, 2025

Mr. Philip Devlin
Western District of Texas, Waco
United States District Court
800 Franklin Avenue
Waco, TX 76701

    No. 25-50112    Yezak v. Lange
                      USDC No. 6:24-CV-519

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                Sincerely,

                LYLE W. CAYCE, Clerk

                By: _____
                Jasmine J. Forman, Deputy Clerk

cc w/encl:
    Mr. Robert Yezak